UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00813-WYD

SHEILA A. HOPKINS,

    Plaintiff,

v.

LINDA S. McMAHON, Acting Commissioner of Social Security,[1]

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Petition for Fees under 28 U.S.C .§ 2412 filed November 1, 2006.  The petition requests fees pursuant to the Equal Access to Justice Act ["EAJA"] in the amount of $3,322.84 for 21 hours of time.  Plaintiff requests an hourly rate of $157.53 for work performed in 2005 and $162.88 for work performed in 2006.  She attaches documentation to her petition that supports the fees and the reasonableness of same.

Plaintiff asserts that she was the prevailing party and argues that the Commissioner's position was not substantially justified.  In a response filed November 15, 2006, the Commissioner opposes an award of fees, arguing that the Agency's position in this case was substantially justified.  I find, for the reasons stated below, that Plaintiff's Petition should be granted.

---

[1] Ms. McMahon, the Acting Commissioner of Social Security, is substituted for Jo Anne Barnhart pursuant to FED. R. CIV. 25(d)(1).

The EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the Government's position was substantially justified rests with the Government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the Government's position must have had a reasonable basis in both law and fact. *Id*. The term "position" includes the Government's arguments both at the underlying agency stage and during any subsequent litigation. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

The Tenth Circuit has held that the government must establish the existence of three elements to meet the reasonableness test: (1) a reasonable basis for the facts asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993); *see also Pettyjohn v. Chater*, 888 F. Supp. 1065, 1067 (D. Colo. 1995). The government's position does not need to be "'justified to a high degree,' but rather 'justified in substance or in the main.'" *Pierce*, 487 U.S. at 565. The government's position must be "more than 'merely undeserving of sanctions for frivolousness.'" Id. at 566. However, a "position can be justified even though it is not

correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct. . . . " *Id.* at 566 n. 2.

In this case, the Commissioner argues, among other things, that the position was substantially justified as the ALJ based his RFC finding on an overall, comprehensive look at all the evidence. Further, the ALJ's decision demonstrated that he properly weighed the evidence before determining Plaintiff's subjective complaints were not fully credible, provided specific reasons for his findings, and properly based Plaintiff's credibility determination, in part, on the medical evidence. Defendant asserts that the ALJ carefully considered all of the evidence, and properly discussed and resolved conflicts in the evidence. The ALJ gave extensive consideration to the medical record, considered Plaintiff's impairments in combination, and limited Plaintiff to the very minimal demands of unskilled, sedentary work. The Commissioner also argues that its position that Plaintiff's arguments were without merit was substantially justified.

I reject the Commissioner's argument, and find that fees should be awarded because the position of the Commissioner and the ALJ was not substantially justified. I find that the ALJ did not have a reasonable basis for the facts asserted and did not have a reasonable basis in law at times for the legal theory proposed. For example, although the ALJ summarized the medical evidence, the RFC assessment is conclusory and does not contain any reference to the supporting evidence as required by SSR 96-8p. The ALJ also erred in not describing what his RFC assessment was based on, as required by law.

Other errors include the fact that the ALJ engaged in improper speculation regarding treating physician Dr. Neal.  Further, his decision to reject Dr. Neal's assessment in its entirety was not supported by substantial evidence, and the ALJ's opinion does not reflect that he gave Dr. Neal's opinion deference or properly weighed it.  I also note that the ALJ at times improperly substituted his medical judgment for that of the physicians improperly assessed Plaintiff's mental impairments, pain, fatigue and other nonexertional impairments.  Moreover, the ALJ erred in failing to consider whether Plaintiff's diabetes and lumbar scoliosis are severe impairments.  Finally, I find that many of the Commissioner's positions were not factually supported by the record, and  that a reasonable person would not find that the position of the Commissioner was justified.

Based on the foregoing, I find that the position of the Commissioner was not substantially justified.  Accordingly, I grant Plaintiff's petition for fees, finding that the fees sought by Plaintiff's counsel and the hourly rate as to such fees are reasonable.  It is therefore

ORDERED that Plaintiff's Petition for Fees under 28 U.S.C .§ 2412 is **GRANTED**.  Plaintiff is awarded attorney's fees in the amount of $3,322.84 pursuant to the Equal Access to Justice Act.

Dated:  February 9, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge